**ALLISON, Plaintiff-Appellee, v. WATKINS et, Defendants-Appellants.**

Ohio Appeals, Second District, Champaign County.

No. 142.   Decided April 22, 1957.

Donald M. Gibbs, Urbana, for plaintiff-appellee.
J. Harvey Crow, Urbana, for defendants-appellants.

## OPINION

By HORNBECK, PJ.

This is an appeal which, although noted as upon questions of law and fact, proceeds as upon questions of law. The appeal is from a decree in case No. 23758, Champaign County Common Pleas Court. There was a prior case in the same court between the same parties, No. 23508. In this case, Judge Huber A. Beery, of the Shelby County Common Pleas Court, sat. In the case appealed, Judge Marion B. Owen, of the

Champaign County Common Pleas Court, sat. We have a bill of exceptions in the first case which is not authenticated in this case.

Although the judgment entry in the second case, the one appealed from, recites that it was heard upon evidence, there is no bill of exceptions in this case, nor is the evidence taken brought before the Court in any other manner provided by statute.

Five errors are assigned:

1. Judge Marion B. Owen, having stepped aside in Case No. 23508 between the same parties, involving the same transaction and involving the same parcel of real estate, had no jurisdiction in this case.

2. The Court erred in not requiring the matter put on the trial calendar and duly assigned, with notice to the defendants and to the duly appointed Guardian ad litem.

3. Fraud perpetrated upon the Court by the plaintiff in preparing the answer for the Guardian ad litem without notice to the defendant herself and failing to set up the defense of res judicata.

4. That the judgment is contrary to law.

5. Fraud perpetrated upon the defendants.

It will be necessary at the out-set to learn what facts material to the errors assigned are properly presented to us.

Counsel for both parties in their briefs have included in their statements several facts which we may not accept because they do not come before us in any manner authorizing us by law to consider them. Counsel have drawn upon their personal knowledge of some of the facts stated, but we may not accept them in reaching our judgment.

It should be noted that this appeal is prosecuted by defendant, Ralph Watkins, only, and not by Norma Jean Watkins, the minor defendant. So that the only matters that we may adjudicate are those which properly affect defendant-appellant's rights.

We will make further comment on factual development as we consider the assignments of error.

No. 1 is predicated on the proposition that, inasmuch as Judge Owen stepped aside in the former case, the Court had no jurisdiction to adjudicate the second case.

Upon the record which we may accept, it appears only that Judge Owen did not sit in the first case. The reason for his stepping aside does not appear. Counsel for appellee cite a reason but we may not accept it even though it may be the fact.

If it be conceded that Judge Owen stepped aside because of his disqualification to try the case, determined not because of any action by any party to the suit but on his own motion, the basis of his disqualification does not appear. **Sec. 2701.03 R. C.,** defines causes for which the Common Pleas Court Judge may step aside as, interest in a cause or matter pending before the Court, relation to, bias or prejudice either for or against a party to the cause or to his counsel or is otherwise disqualified to sit in the cause. There is another essential to the benefit of this statute, namely, that an affidavit be filed either by a party or his counsel setting forth some one of the grounds for the disqualification of the judge. We may only speculate as to the cause for Judge Owen's withdrawal whether under the statute or independent thereof. However,

if the presumption attend that Judge Owen stepped aside because of his determination of disqualification, no party having filed an affidavit, then what this disqualification was does not appear. Inasmuch as he assumed jurisdiction in the second cause, the validity of that action must be presumed and whatever the ground of disqualification may have been in the first case, it may have been removed in the second. In any event, it was necessary if the defendant-appellant desired Judge Owen to step aside in the second case that he take the necessary steps required to accomplish that withdrawal as provided in §2701.03 R. C. The defendant was duly served with process and was in default at the time that the decree was entered.

Chief Justice Marshall in the case of **Tari v. State, 117 Oh St 481**, discussing the matter at **page 491**, says:

"While it is well settled the jurisdiction over the subject-matter cannot be conferred by consent, it is equally well settled that a submission on the part of a defendant without objection to being tried completes the jurisdiction over the person, and it is conclusively settled that such submission, followed by an actual trial and judgment, renders the judgment a finality, not subject to collateral attack, and not subject to direct attack in an error proceeding, unless the question was raised and the objection made in the trial court at or preceding the trial."

In discussing the famous Tumey case, Tumey v. State, 273 U. S. 510, 47 S. Ct., 437, Judge Marshall directed attention to the fact that in the trial court, Tumey at all times saved the question of the jurisdiction of the Justice of the Peace because of his financial interest in the outcome.

The second assignment of error is that the Court erred in not requiring the matter to be put on the trial calendar and duly assigned, with notice to the defendants and to the duly appointed guardian ad litem.

At the time that the decree was entered, defendant-appellant was in default for answer or demurrer. The fact that the guardian ad litem for the other defendant had filed an answer did not avail defendant-appellant of the right of trial such as was assured the minor.

The third assignment is that fraud was perpetrated upon the Court by the plaintiff in preparing the answer for the guardian ad litem without notice to the defendant herself and failing to set up the defense of res judicata.

The facts set forth in this assignment are not established. If it did appear that the plaintiff prepared the answer for the guardian ad litem without notice to the minor defendant, this alone would not constitute fraud on her. It must be assumed that the lawyer who signed the answer as guardian ad litem, did so in good faith, with full knowledge of its import, and with the purpose of presenting all issues that were material for the protection of the minor.

Part of the fraud charged in this assignment of error is the failure of the guardian ad litem to set up the defense of res judicata.

We again call attention to the fact that the appeal here is not prosecuted by or for the minor defendant and if any failure to plead any defense which the facts warranted, the detriment resulted to the minor

and is not available to the appellant. However, it is apparent from a reading of the petitions in the first and second cases that the defense of res judicata could not have been maintained. While it is true, the parties were the same and the primary basis for relief the same, namely, the contract; the causes of action differed because the breach of the contract upon which the second suit was based occurred subsequent to that set out in the first petition, and could not have been an issue in the first case. So that, an essential of res judicata, namely, the identity of the cause of action adjudicated does not appear.

The fourth assignment is that the judgment is contrary to law and is sufficiently considered in connection with the other assignments.

The fifth assignment is that there was a fraud perpetrated upon the defendant. This is predicated, in the main, upon facts we may not consider, which, if developed at any time in the proceedings below, do not appear on this appeal.

Most of the bases for the appeal were not set out in the motion of defendant-appellant for a new trial. The motion for a new trial did not state any reason to justify defendant-appellant's default in drawing an issue on the petition after he had been duly served with summons. In his motion defendant did assert he was not in default for payments under the terms of the contract; that Judge Owen had formerly stepped aside in the trial of the cause at his own request because of his interest in the outcome of the proceedings. The trial judge had wide discretion in determining if any of the grounds asserted in the motion for a new trial were substantiated and inasmuch as we do not have any factual development respecting them, we must assume that the Court did not abuse its discretion in overruling the motion for a new trial.

The ultimate test in any law appeal is whether it appears that the appellant has been prejudiced in the judgment entered against him. In this case, the contract to which appellant was a party expressly enjoined upon him, together with his co-defendant, the obligation to make certain monthly payments on the mortgage indebtedness on the property in which a remainder in fee was conveyed to them. And further that upon default of such monthly payments, defendants would reconvey the real estate to the plaintiff. The essential fact to the relief sought by plaintiff, default in payments on the mortgage, was denied by the defendant-appellant for the first time in the first ground of his motion for a new trial and is without any substantiation in the record.

It is clear that the Court had jurisdiction of the subject matter and of the person of the defendant-appellant and that he made no timely effort, as required by statute, to disqualify the judge who entered the decree against him.

Whether or not he had any defense which could have been interposed if timely made, we may not determine from this record.

We find no assignment of error well made.

The judgment will be affirmed.

WISEMAN and CRAWFORD, JJ, concur.