**KARUN, d. b. a. FRANK'S CAFE, Appellant, v. STATE, DEPARTMENT OF LIQUOR CONTROL, Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 6012.   Decided April 14, 1959.

H. David Lefkowitz, Cleveland, for appellant.
Mark McElroy, Atty. Genl., John A. Hoskins, Asst. Atty. Genl., Columbus, for appellee.

(FESS, J, of the Sixth District, sitting by designation in the Tenth District.)

### OPINION

By BRYANT, PJ.

This is an appeal on questions of law from a decision of the Common Pleas Court of Franklin County, Ohio.   That court, in an opinion by Sater, J., found that the order of the Board of Liquor Control revoking the three permits held by Karun, was supported by reliable, probative

and substantial evidence and was in accordance with law and should be affirmed.

The charges by the Department of Liquor Control against Karun are as follows:

"Violation No. 1—On Sunday, July 7, 1957, you and/or your agent or employee, did sell in and upon the permit premises, intoxicating liquor, to-wit, whiskey—in violation of the provisions of the Liquor Control Act and the regulations of the Board of Liquor Control.

"Violation No. 2—On or about July 12, 1957, you and/or your agent or employee, did have, keep, possess, and did sell, in and upon the permit premises, spirituous liquor, to-wit, whiskey while you were not the holder of a proper permit—in violation of the provisions of the Liquor Control Act and the regulations of the Board of Liquor Control."

The above language and other pertinent data including the fact that the hearing would be held on August 15, 1957, in the Cleveland City Hall were served on Karun in a written notice of hearing. At the time appointed for the hearing, Karun was present. He was accompanied by an attorney at law. When Karun's case was called, the two violations or charges were read aloud to him after which they were again referred to by an assistant attorney general by a descriptive title, one being called, "Sunday sale of whiskey," and the other, "illegal sale of whiskey," both occurring on the premises of the permit holder, who was not authorized to sell whiskey at any time.

Under the above circumstances a plea of guilty was entered and no evidence was presented by either side.

As we have indicated, the Common Pleas Court, upon appeal, affirmed the order of the Board of Liquor Control and five errors are assigned in the appeal to this court. The first assignment of error contends the Board's order "is not supported by the proper weight of the evidence and is against the manifest weight of the evidence." In this case neither the prosecution nor the defense offered any evidence whatsoever, but instead the permit holder entered a plea of guilty. This he had an unquestioned right to do.

Karun, after the decision revoking his permits was announced, filed an affidavit saying he never had any formal education 'and did not fully understand the nature of the hearing held in his case. Lack of formal education might indicate inability to read and write but in this particular case Karun appeared with an attorney at law of his own choosing who undoubtedly was capable of reading and explaining the charges to him. Further, the record shows that charges were read aloud to him on the day of the hearing before he was asked to enter his plea. Certainly it is not contended that he does not know the difference between Sunday, July 7, 1957 and July 12, 1957.

Under the circumstances present in this case, we are unable to find that the court below committed error in its determination as to the sufficiency of the evidence and the first assignment of error must be overruled.

The second assignment of error alleges abuse of discretion by the Board of Liquor Control in revoking the C-2, D-1 and D-2 permits held by Karun "in view of the evidence submitted."

We have heretofore pointed out there was a guilty plea which takes the place of evidence and no further comment on that subject is required. The question remaining is whether or not there was an abuse of discretion on the part of the Board of Liquor Control revoking the three permits issued to Karun.

The C-2 permit, one of two so-called carry-out types of permit, authorized the sale of the so-called high-power beer, wine and "prepared and bottled highballs, cocktails, * * *."

Karun's D-1 permit authorized the sale of the so-called low-power beer, either for consumption on the premises or to be carried out. His D-2 permit authorized the sale for consumption on the premises of the so-called high-power beer, wine and "prepared and bottled highballs, cocktails, * * *." It also authorized the sale of such beverages for consumption off the premises. None of the permits held by Karun authorized him to sell whiskey.

Regulation No. 55 of the Board of Liquor Control mentioned in the hearing notice sent to Karun reads as follows:

"No holder of a permit authorizing only the sale of beer, malt liquor, mixed beverages or wine shall have, keep or possess any spirituous liquor upon said permit premises; nor allow any employee, or any patron or other person so to do, for personal use, or for any other purpose whatsoever."

Pertinent to this point is the comment of Sater, J., in his decision of July 10, 1958, the second paragraph of which is as follows:

"The plea or guilty is sufficient to warrant the Board's findings. Neither the motion to rehear nor appellant's brief on appeal supplies any reason to change in anywise the Board's findings (Wallace v. Board, L. C. R., 1037) or penalty. **Nor is the penalty harsh or an abuse of discretion because, if for no other reason, the holder of these permits has twice before suffered suspension for similar if not identical violations.**" (Emphasis added.)

Under these circumstances we are unable to say that the action of the court below was erroneous. The second assignment of error must be overruled.

The third assignment of error is based upon the admission of evidence allegedly inconsistent with the charges. In view of the fact that Karun pleaded guilty to both charges, no further discussion of this alleged error is needed and it must be overruled.

The fourth assignment of error relates to the refusal of the Board to grant a rehearing. This is based upon the alleged failure to follow the provisions of Regulation No. 61 of the Board of Liquor Control. It has to do with the serving of a written violation notice upon permit holders found to have violated a law or regulation by investigators of the Department of Liquor Control "upon completion" of the investigation. It also provides for the showing of credentials of the investigator to the permit holder at the time.

In the brief on behalf of Karun fiiled in this court there is a typewritten copy of what is claimed to be a violation notice left with Karun which is alleged to be defective or insufficient.

We have examined the record furnished by the Board of Liquor Control relating to the proceedings and testimony before it. Nowhere in said record do we find any evidence relating to what was or was not contained in the violation notice. We can not, of course, pass upon evidentiary matters not appearing in the record. We are forced to overrule the fourth assignment of error because there is no evidence as to it in the record.

The fifth assignment of error is for other alleged errors but as they are not pointed out, this assignment of error is not well taken and also must be overruled.

For the reasons above set forth the several assignments of error and each of them must be overruled. The judgment of the court below is hereby affirmed.

DUFFY and FESS, JJ, concur.

## CONCURRING OPINION

By FESS, J.

The Common Pleas Court upon review of the record found the order of the Department of Liquor Control to be supported by reliable, probative and substantial evidence and to be in accordance with law. Upon this appeal from the judgment of the common pleas court, this court is limited in its review to a determination of the correctness of that judgment, i. e., that the order is supported by reliable, probative and substantial evidence and in accordance with law. Finding no error in the proceedings and judgment of the common pleas court, it is our duty to affirm such judgment, and in my opinion it is unnecessary for this court to consider or determine such matters as the extent of the penalty imposed upon the appellant, his alleged right to a rehearing, or other so-called assignment of errors filed in the common pleas court and refiled in this court. Cf. **Delmonte Cafe, Inc. v. Department of Liquor Control, 74 Abs 459,** and next to last paragraph of §119.12 R. C.

I therefore concur in the judgment of affirmance.