The State of Ohio, Appellee, *v.* Coatoam, Appellant

[Cite as State v. Coatoam (1975), 45 Ohio App. 2d 183.]

(Nos. 5-139 and 5-141—Decided June 2, 1975.)

Appeals: Court of Appeals for Lake County.

*Mr. David Cruikshank,* city prosecutor, for appellee.
*Mr. Robert E. Zulandt,* for appellant.

Dahling, J. This cause is in this court on appeal from a judgment of the Willoughby Municipal Court on a finding of guilty to the charges of "possession of hallucinogen" and "reckless operation," violations of R. C. 3719.41 and R. C. 4511.20 respectively.

On the "possession" charge, the defendant was fined $150 plus costs with $50 of the fine suspended; sentenced to thirty days in jail, with all days suspended but placed on inactive probation for one year; and was required to attend offenders' attitude school. On the "reckless operation" charge, the defendant was fined $50 plus costs.

The defendant filed his Notice of Appeal and assigned the following errors:

"1. The court's denial of defendant's motion to dismiss was contrary to the laws of the State of Ohio and a denial of the defendant's constitutional right to a speedy trial;

"2. The trial court was without jurisdiction to render a final order of conviction and sentence in this case;

"3. The overruling of the defendant's motion to dismiss denied the defendant his right not to be deprived of liber-

ty or property without due process of law pursuant to the Fourteenth Amendment of the United States Constitution.''

The defendant was arrested by the Willoughby Hills Police Department on February 5, 1974, charged, and incarcerated until February 8, 1974, when he was released on personal bond. On February 26, 1974, the defendant was incarcerated at the Geauga County jail and was held there on various charges until May 7, 1974. During the period of the defendant's Geauga County incarceration, several unsuccessful attempts were made to release him and bring him before the Willoughby Municipal Court. The defendant was scheduled for a pretrial hearing on March 8, 1974. On April 10, 1974, a notation was made in the record that the case was continued because of the defendant's incarceration.

The court appointed counsel for the defendant on June 28, 1974. On July 25, 1974, the defendant's attorney filed a Motion to Dismiss pursuant to R. C. 2945.71 and R. C. 2945.73. A hearing on the defendant's Motion to Dismiss was held on July 25, 1974, at which time it was denied. The defendant then pled no contest to the charges of ''possession of hallucinogen'' and ''reckless operation,'' and was sentenced by the court.

Further, upon his release on May 7, 1974, from the Geauga County jail, the accused was transferred to the Court of Common Pleas of Lake County to answer for charges in that court. He was therein released on personal bond and transferred to the Lyndhurst Municipal Court, where he was released on a surety bond.

The defendant made no appearance in the Willoughby Municipal Court after the arraignment until June 28, 1974. At no time, until July 25, 1974, did defendant file for or request an immediate trial. The date that defendant first raised the issue of his right to a speedy trial was the date that his case was heard on its merits.

We will consider the three Assignments of Error together as they are in fact a claim of the denial of a speedy trial.

R. C. 2945.71(B) provides, in part as follows:

"A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial: * * * [2] Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

Accordingly, it was mandatory that the defendant be tried within 90 days unless an extension of time was granted as provided in R. C. 2945.72. This section provides, in part:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability * * *."

The time lapse from defendant's arrest to trial is as follows:

2/5/74 to 2/8/74 (3 days x 3 [incarcerated])   9 days
2/8/74 to 7/25/74                             167 days

Total: 176 days

Counsel for defendant and the state agree that defendant was incarcerated in Geauga County (a county adjoining Lake County) jail for 70 days and further agree some efforts were made to have defendant at the pretrial without success. However, the record is void with regard to the precise efforts made to have him brought from Geauga County jail to Willoughby Municipal Court.

If the 176 day period is reduced by the 70 days defendant was in jail, which we do not think it should be, then the defendant was still denied a trial within the statutory time. In the instant case, the defendant took no action which delayed the proceedings. A defendant is not required

to request a trial within the statutory time and is not required to show that he was prejudiced by the delay. It is the duty of the state and the trial judge to bring cases to trial within the time required by R. C. 2945.71. In our opinion, the record does not disclose any exception, as allowed by R. C. 2945.72.

A court of appeals cannot pass upon evidentiary matters not appearing in the record (*Karun* v. *State* (1959), 162 N. E. 2d 625). A court of appeals in an appeal upon questions of law cannot consider, in reaching judgment, facts drawn from the personal knowledge of counsel where such facts are not a part of the record (*Allison* v. *Watkins* (1957), 151 N. E. 2d 386). A court of appeals is bound by the record as it comes to that court, certified by the trial judge (*Buckeye Union Casualty Co.* v. *Biete* (1958), 162 N. E. 2d 210).

We are of the opinion that defendant, not having been brought to trial within the statutory period, has presented a *prima facie* case for discharge. The state then had the burden of proving an exception when the defendant filed his Motion to Dismiss on July 25, 1974. This the state failed to do.

In conclusion, we are of the opinion that the reasons for delay in the trial of the defendant do not fall under any of the exceptions enumerated in R. C. 2945.72. Therefore, the judgment of the trial court is reversed and final judgment is entered for defendant.

*Judgment reversed.*

HOFSTETTER, P. J., and COOK, J., concur.