The STATE of Ohio, Appellee,

v.

PRICE, Appellant.

[Cite as *State v. Price* (1997), 122 Ohio App.3d 65.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APA12–1718.

Decided July 31, 1997.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, *Steven Taylor* and *Diane F. Paul,* Assistant Prosecuting Attorneys, for appellee.

Tyack, *Blackmore & Liston Co., L.P.A.,* and *Thomas M. Tyack,* for appellant.

BOWMAN, Judge.

Appellant, Steven L. Price, is a police officer who was arrested on December 3, 1993, after a search warrant was executed and a laptop computer, a Motorola radio, and other materials were seized from his home. Appellant was initially indicted on January 7, 1994, in case No. 94CR–05–2938, for possession of criminal tools, receiving stolen property, three counts of unauthorized use of property, and three counts of theft in office. This indictment was later "nol-prossed." On May 5, 1995, appellant was reindicted in case No. 95CR–06–3892 for unauthorized use of property, possession of criminal tools, unlawful possession of dangerous ordnance, and five counts of tampering with evidence. The charge of unlawful possession of dangerous ordnance was severed from the remaining counts and was to be tried at a later time.

On August 28, 1996, prior to the commencement of trial, appellant made a motion to dismiss the case on the ground that he had not been brought to trial within the two-hundred-seventy-day time limit of R.C. 2945.71. The prosecution responded to the motion by stating:

"Just briefly, your Honor, I haven't—since it was just was raised this morning, I haven't had time to research it obviously.

"I know I did check it before the case was reindicted last summer whenever, and at that point I know that we were pretty certain there was no time problem; and I would note for the record that every continuance that's been filed does indicate that Defendant waived his right to a speedy trial for the period of the continuance as to the pending charge or charges as well as any subsequent additional charge or charges which may arise from the same set of facts and circumstances as the initial charge; and it has always been the same set of facts and circumstances, and I believe that there are time waivers throughout the period on both cases that will be sufficient to waive the time that they are addressing."

"The trial court reserved ruling on the motion, and the case proceeded to a trial to the court. At the close of the evidence, the court found appellant guilty of unauthorized use of property, possession of criminal tools, and two counts of

tampering with evidence. The court found appellant not guilty of three other counts of tampering with evidence.

At the sentencing hearing, appellant's counsel reminded the court that, at the commencement of the trial, the court had taken its motion to dismiss based on lack of a speedy trial under advisement and that the motion was still pending. The trial court overruled the motion to dismiss without hearing any additional evidence. Appellant was then sentenced, fined, and given two days of jail credit. Appellant now brings this appeal asserting the following assignments of error:

"I. The trial court erred in overruling the defendant's motion to dismiss all charges based on the state's failure to bring him to trial within the 270 day limit of his arrest as required by 2945.71–73 Revised Code.

"II. The trial court erred in finding that a police radio was a computer as defined by 2913.01(M) of the Revised Code.

"III. The trial court erred in failing to find that the defendant had established the affirmative defense that defendant reasonably believed he was authorized to use and operate the property pursuant to 2913.03(C)(1) Revised Code."

In his first assignment of error, appellant asserts that the trial court erred in overruling his motion to dismiss, since he was not brought to trial within the two-hundred-seventy-day time limit of R.C. 2945.71.

R.C. 2945.71 provides:

"(C) A person against whom a charge of felony is pending:

" * * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

" * * *

"(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

R.C. 2945.73 provides:

"(B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code.

" * * *

"(D) * * * When an accused is discharged pursuant to division (B) or (C) of this section, such discharge is a bar to any further criminal proceedings against him based on the same conduct."

■ In *State v. Butcher* (1986), 27 Ohio St.3d 28, 27 OBR 445, 500 N.E.2d 1368, the court held that when a defendant moves for discharge on the basis that he has not been brought to trial within the time limits set forth in R.C. 2945.71, and he presents a prima facie case that he is entitled to discharge, the burden of production of evidence shifts to the state. The state then has to prove that sufficient time was extended under R.C. 2945.72[1] to leave fewer than two hundred seventy days remaining within which to bring the defendant to trial. *State v. Geraldo* (1983), 13 Ohio App.3d 27, 13 OBR 29, 468 N.E.2d 328. If the state fails to produce evidence in rebuttal, then discharge is required. *Butcher.*

■ In this case, appellant was arrested on December 3, 1993, and his trial commenced on August 28, 1996. The date of trial is obviously beyond the two-hundred-seventy-day time limit in which to bring appellant to trial as set forth in R.C. 2945.71, and, thus, appellant presented a prima facie case that he was entitled to discharge. See *State v. Reuschling* (1986), 30 Ohio App.3d 81, 30 OBR 138, 506 N.E.2d 558. It was then incumbent upon the state to prove that sufficient time was extended under R.C. 2945.72 so that appellant was brought to trial within the speedy trial requirements. *State v. Collins* (1993), 91 Ohio App.3d 10, 631 N.E.2d 666.

At the time the motion to dismiss was presented to the trial court, it was incumbent upon the state to demonstrate to the court that appellant's speedy trial rights had not been violated. The state could have met its burden by way of records, including, but not limited to, court records, journal entries, or jail

---

1. R.C. 2945.72 provides:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

"(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

"(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

"(D) Any period of delay occasioned by the neglect or improper act of the accused;

"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

"(F) Any period of delay necessitated by removal or change of venue pursuant to law;

"(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

"(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending."

records. See *Butcher.* However, in this case, the state presented no evidence to sustain its burden of proof. In fact, the record unequivocally demonstrates the state's failure to properly introduce any evidence to rebut appellant's prima facie motion for discharge.[2]

In this court, the state now attempts to rebut appellant's prima facie case by including in the appendix to its brief all of the entries for continuances filed both in the original case, 94CR–05–2938, which was later nol-prossed, and the case before us, 95CR–06–3892. These records should have been presented to the trial court and introduced into evidence. The entries in case No. 94CR–05–2938 are not in the record of the case before us, 95CR–06–3892, and, thus, cannot be considered by this court. See *Prairie Twp. Bd. of Trustees v. Stickles* (Feb. 22, 1996), Franklin App. No. 95APC07–941, unreported, 1996 WL 76229, and *Singh v. Holfinger* (Jan. 29, 1991), Franklin App. No. 90AP–639, unreported, 1991 WL 10936.

The Ohio Supreme Court has repeatedly held that the requirements of R.C. 2945.71 and 2945.73 are mandatory and must be strictly followed by the state. *State v. Cross* (1971), 26 Ohio St.2d 270, 55 O.O.2d 495, 271 N.E.2d 264. Therefore, this court finds that appellant's right to a speedy trial was violated, since the prima facie case he presented was not rebutted by the state. Accordingly, appellant's motion to dismiss, which was timely filed, should have been granted by the trial court.

Appellant's first assignment of error is sustained, and the remaining assignments of error are rendered moot. The judgment of the Franklin County Court of Common Pleas is reversed, and appellant is ordered discharged pursuant to R.C. 2945.73(B).

*Judgment reversed.*

JOHN C. YOUNG and PEGGY BRYANT, JJ., concur.

---

**2.** The state had another opportunity to present evidence regarding appellant's motion at the sentencing hearing; however, the trial court summarily overruled the motion without hearing evidence. This court notes that the trial court should have heard the evidence regarding appellant's motion at the time it was made, even if it required a recess in order for the state to obtain the necessary evidence. The state, however, never requested a recess or proffered the evidence it now cites.