DECISION AND JUDGMENT ENTRY
This is a pro se appeal from the Toledo Municipal Court judgment, entered on February 8, 1999, that appellant, Nasrin Afjeh, was guilty of a violation of the village of Ottawa Hills Code #642.04 for planting arborvitae in the public right-of-way without a permit and from the suspended five days in jail and court costs sentence the court imposed on appellant. Appellant has presented three assignments of error that are:
 "I. The Village Failed to Prove Each Element of the Offense Beyond a Reasonable Doubt.
 "II. It is Fundamental in a Democratic Society that Judges Not Convict People of Crimes Without Knowing That the Law Makes the Act a Crime.
 "III. The Speedy Trial Statute Which Mandates Defendant Be Brought to Trial Within 45-day Period Was Violated.
We will consider the third assignment of error first.
Appellant says the trial court erred when it did not grant the motion she filed to dismiss her case for speedy trial violations. She says that pursuant to R.C. 2945.71 she should have been brought to trial within forty-five days of the service of summons in her case. Summons was served on appellant on November 30, 1998, alleging a violation of an ordinance of the village of Ottawa Hills by planting a row of arborvitae in the public right-of-way without a permit. Appellant's trial was not held until seventy-one days later on February 8, 1999.
Appellee, the village of Ottawa Hills, agrees that pursuant to R.C. 2945.71 appellant should have been brought to trial within forty-five days from the service of summons. However, appellee says the official court "affidavit adequately reflects all date arrangements regarding this case." Appellee says appellant's attorney waived all time requirements and that appellant is bound by her attorney's decision.
Ohio speedy trial statutes must be strictly construed against the state. Brecksville v. Cook (1996), 75 Ohio St.3d 53,55. If a defendant shows a prima facie case of a speedy trial violation, by showing that the trial was held past the time limit set by statute for the crime with which the defendant is charged, the burden shifts to the state to show that some exception(s) applied to toll the time and to make the trial timely. State v.Price (1997), 122 Ohio App.3d 65, 68. If the state does not meet its burden the defendant must be discharged. R.C. 2945.73 See, also, State v. Coatoam (1975), 45 Ohio App.2d 183, 185-186.
In this case, appellant has shown a prima facie case of a speedy trial violation, because she has shown that her trial was held seventy-one days after she received service of summons even though by statute, her trial should have been held within forty-five days after she received service of summons. The burden therefore shifted to the village of Ottawa Hills to show that some exception(s) applied to toll some of the time that passed, making appellant's trial timely.
As we previously noted, the village of Ottawa Hills states that the "affidavit" in the record contains all the information needed to show that an exception applies. Namely, the village of Ottawa Hills says that appellant's attorney waived speedy trial requirements and appellant is bound by that waiver.
First, we note that the "affidavit" referred to by the village of Ottawa Hills is a seven by nine inch piece of tagboard on which entries are written or stamped to show the activities that took place in the case. The first entries record the service and return of summons. Next, a stamped entry appears assigning the case to a trial judge. Following the stamped entry is a handwritten entry that reads:
 "To AC for reset Monday afternoon 2/8/99 at Joint Req. ALONE Pros Pretrial Tues before"
The entry also contains the signature of the trial judge. The date, 2/8/99, and the words "at Joint Req." are written with a different pen than the remainder of the entry, and the word Joint is preceded by a crossed out word.
Following that entry, on the back side of the seven by nine inch piece of tagboard are a couple of stamped entries resetting the trial date. Next is a handwritten notation that reads:
"Motion to dismiss filed by Atty Jerome Phillips"
The record contains the motion, in which appellant asserted that her right to a speedy trial was violated. In support of the motion, appellant cited the statutes that establish that she was entitled to be brought to trial within forty-five days of the service of summons. She then says that seventy-one days have passed since the service of summons. She concludes: "Although some of the delay may be properly charged against the defendant, pursuant to ORC § 2945.72, it is equally clear that more than 45 days are attributable to the State necessitating the discharge of the defendant."
No entries appear regarding a hearing on the motion to dismiss or a ruling on the motion to dismiss. Appellant requested a complete transcript in her praecipe, and no dialogue appears in the transcript relating to the motion to dismiss. Therefore, this court has nothing before it to show that the trial court received any evidence showing that the village of Ottawa Hills met its burden of proof to show that the time was tolled or was properly charged to defendant.
This court also has nothing before it showing that the trial court made a ruling that appellant's right to a speedy trial was not violated. While the notations in the handwritten entry relating to resetting the trial date that were written in a different pen may have been added by the trial court, after the motion to dismiss for speedy trial violations was filed, as a finding that appellant's attorney waived speedy trial until February 8, 1999, we cannot verify from the record that is what happened and we cannot engage in speculation.
Furthermore, the Supreme Court of Ohio has ruled:
 "To be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record. (State v. O'Brien [1987], 34 Ohio St.3d 7, 516 N.E.2d 218, applied and followed; State v. Mincy
[1982], 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571, followed.)" State v. King (1994), 70 Ohio St.3d 158, syllabus.
While the waiver in this case arguably came from appellant's attorney, rather than appellant, and while appellant can be bound by her attorney's agreement to waive her speedy trial rights, we find that the same requirements announced by the Supreme Court of Ohio for a valid waiver of speedy trial rights by an accused apply when the waiver is made by an accused's attorney. In short, the waiver must be in writing or made in open court and on the record.[1] In the case relied upon by the village of Ottawa Hills for the argument that appellant is bound by the actions of her attorney, State v. McBreen (1978), 54 Ohio St.2d 315, the Supreme Court noted that the attorney who waived his client's speedy trial rights did so in writing, and the written waiver was in the record. Id. at 315. We find no authority, binding or persuasive, that would support a ruling that when an accused's attorney waives the accused's right to speedy trial, there is no requirement that the waiver be in writing or on the record in open court.
Finally, we note that a court's journal entry containing a statement that an accused's speedy trial rights were waived, but not stating that they were waived in writing or in open court, by itself, is not sufficient to show a valid waiver occurred. A waiver of speedy trial rights is ineffective unless the record contains a written, signed waiver or shows that the waiver is made on the record in open court. State v. Hebert (Aug. 19, 1999), Cuyahoga App. No. 74584, unreported; see, also, State v. Lewis (Aug. 14, 1998), Wood App. No. WD-98-014, unreported.
Accordingly, we find that in this case the record does not show that appellant's attorney waived her right to a speedy trial. We also find that there is nothing in the record to show that the state met its burden of proof to show that time tolled, thereby rendering appellant's trial timely. Appellant's third assignment of error is well-taken.
Because appellant must be discharged due to a violation of her right to a speedy trial, R.C. 2945.73, see, also, State v.Coatoam (1975), 45 Ohio App.2d 183, 185-186, appellant's first and second assignments of error are rendered moot. Judgment of the Toledo Municipal Court is hereby reversed. Pursuant to App.R. 12(B) and R.C. 2945.73(B), this court orders that the charge filed against appellant for a violation of the village of Ottawa Hills Code #642.04 be dismissed and that appellant is discharged. The village of Ottawa Hills is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Peter M. Handwork, J.
 James R. Sherck, J., Richard W. Knepper, P.J.
[1] The requirements announced by the Supreme Court of Ohio for a valid waiver of speedy trial rights can be easily met. Prosecutors can keep written waiver forms available in their offices which can then be signed by defense counsel on behalf of their clients and filed with the clerk; or the courts can choose to open court, have a court reporter present and make a record of an oral waiver of speedy trial rights which can be reviewed by appellate courts.