DECISION AND JUDGMENT ENTRY
This is an appeal from the burglary conviction and sentence of appellant, Christopher S. Willis, following a jury trial in the Wood County Court of Common Pleas. Because we conclude that a pretrial continuance was properly charged to appellant for speedy trial purposes, we affirm.
Appellant was arrested for disorderly conduct on August 18, 2000. The additional charge of burglary arose from the same facts as the disorderly conduct charge; consequently, the two hundred seventy day statutory speedy trial limits began to run on that day. R.C. 2845.71 (C)(2); Statev. Clay (1983), 9 Ohio App.3d 216, 218.
The parties agree that time continued to run until January 24, 2000. On that date, appellant appeared for a scheduled pretrial conference, but his counsel failed to appear. On February 1, 2000, the trial court filed a judgment entry that explained why the pretrial was not held. The judgment entry read, in pertinent part:
 "This matter came before the Court for Pretrial Conference. Before the Court were Defendant without counsel and Gary D. Bishop, Assistant Prosecuting Attorney for the State. Counsel for Defendant was not present due to scheduling conflicts. Defendant requested that the matter be rescheduled. The State did not oppose.
 "The Court found the Defendant's motion well taken and granted the same."
The trial court then rescheduled the pretrial conference for February 10, 2000.
Appellant filed a written motion for continuance of the trial date on May 19, 2000. Appellant does not dispute that time was tolled when the trial court granted his request and continued the trial until August 17, 2000. Indeed, the record contains a written waiver of time signed by appellant in which he agreed to waive time until August 18, 2000.
On August 4, 2000, appellant's counsel filed a motion to withdraw. He stated that there were irreconcilable differences between Willis and him.
On August 16, 2000, the trial court filed a judgment entry in which it noted that it held a hearing on a motion to change appellant's plea. However, appellant changed his mind and decided he wanted to go to trial. Appellant also asked for a continuance of the trial date. Finally, appellant's counsel withdrew his motion to withdraw. The trial court noted that "any speedy trial time is charged against the Defendant as well as any further delay due to the Court's potential scheduling conflict." The court then reset the trial date for November 13, 2000.
On November 13, 2000, appellant moved to dismiss based upon an asserted violation of his statutory right to a speedy trial. According to appellant, even discounting time that was tolled by his various motions and his speedy trial waiver, the time for speedy trial had passed as his trial date was two hundred eighty-three days after his arrest. He alleged that he did not ask for the continuance at the January 24, 2000 pretrial. Therefore, he claims that the time from January 24, 2000 until February 10, 2000 (seventeen days) should not be charged to him and was not tolled for speedy trial time calculations.
Following a hearing, the trial court made the following statements:
 "I'm going to give you an oral ruling now. This will be reduced to writing with cites, etc, to support it. Number one, speedy trial in this case commenced August 18, 1999. I then go to the January 24 where my entry says on motion of the defendant. For the Record the defendant was present. There is no transcript. So nothing was done on the Record. All we have is the bare entry, and I'm not going to modify the entry, but let me say this. I'm confident that with regard to the defendant being present, number one, let me reverse the Record I should say this.
 "Number one, I certainly cannot say and it would be my best recollection and judgment that the defendant himself did not say to me I want you to continue the pretrial.
 "Number two, I'm sure and we put this in the finding of facts that the Court did not advise the defendant that if this matter is continued whether at his request or not that it would have some bearing and would effect speedy trial date. It is my judgment, however, that if none of that took place, and the Court sua sponte takes [sic] continued the speedy, continued the pretrial conference those 17 days. Under the circumstances of defense counsel not being present it would be continued, and those days would not stay speedy trial. With that ruling I find that I'm overruling your motion to dismiss. I want to put those matters on the record for your purposes, and we'll proceed to trial."
The trial court subsequently filed a written judgment entry in which it made the following pertinent findings:
 "1. Defendant's speedy trial time began on August 18, 1999. * * *
 "2. After May 19, 2000, all time is charged to the Defendant because of motions to continue the trial, a motion to suppress, a motion to withdraw as counsel and a waiver of speedy trial.
 "3. The Court's order filed February 1, 2000 that continued the January 24, 2000 pretrial conference states that the continuance was requested by the Defendant. While the Defendant was present, there is no transcript of the proceeding and defense counsel was not present.
 "4. The Court did not advise the Defendant that a continuance of the pretrial conference would have bearing on or would affect speedy trial time.
 "5. Even if the January 24, 2000 pretrial conference was not continued at Defendant's request, the Court's sua sponte continuance of the pretrial under these facts and circumstances would toll speedy trial time.
 "6. From August 18, 2000 to May 19, 2000, two hundred seventy-five days had passed. However, speedy trial time was tolled between January 24, 2000 to February 10, 2000 due to defense counsel's absence at the pretrial conference. Therefore, by May 19, 2000 when Defendant made his first request to continue the trial only two hundred fifty-eight days had passed."
The trial court then denied the motion to dismiss the burglary charge for a speedy trial violation. The matter then proceeded to trial, following which appellant was convicted of burglary and sentenced to a two year term of imprisonment. From this judgment of conviction and sentence, appellant now brings this appeal.
Appellant sets forth the following two assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "The Wood County Common Pleas Court erred in failing to dismiss the charges against Defendant-Appellant for exceeding the statutory limitations for speedy trial set forth in R.C. 2945.71, and his constitutional right to a speedy trial pursuant to the Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution.
"SECOND ASSIGNMENT OF ERROR
 "Whether the Wood County Common Pleas Court erred in failing to dismiss the charges brought against Defendant-Appellant pursuant to rule 5.03(J) of the Rules of Practice of the General Division of the Common Pleas Court of Wood County."
In support of his first assignment of error, appellant argues that the trial court erred when it denied his motion to dismiss the charge against him on the basis that he was denied his right to a speedy trial. Appellant maintains that the trial court erroneously charged him with the time for a continuance after the unsuccessful January 24, 2000 pretrial hearing. He says that, since there is a dispute regarding whether he asked for a continuance, there is no written motion from him asking for a continuance and no transcript of the proceedings when the continuance was entered, the time should be charged against the state.
Appellant further argues that the trial court's explanation that even if he did not ask for a continuance it would have sua sponte continued the pretrial still does not mean that the time should be tolled in this case, because the trial court did not specify that it was acting suasponte in the judgment entry it issued continuing the pretrial. Appellant says the trial court cannot retroactively explain that it intended to act sua sponte in order to solve a speedy trial violation.
The state responds that even though there is no written motion for a continuance of the pretrial from appellant and no transcript of the pretrial proceedings to verify that appellant asked for a continuance, the trial court's statement in its judgment entry that Willis asked for the continuance is by itself sufficient to establish that Willis asked for the continuance.
Alternatively, the state argues that even if appellant did not ask for the continuance, the time still tolled because the trial court suasponte continued the pretrial due to the absence of appellant's counsel. The state contends that the trial court did not need to specify that it was acting sua sponte in the judgment entry. The state says that the length of the continuance was reasonable, and that the time did not count in speedy trial computations.
Speedy trial statutes must be strictly construed against the state.Brecksville v. Cook (1996), 75 Ohio St.3d 53, 55. Once a defendant shows that the a defendant's trial was held past the time limit set by statute for the crime with which the defendant is charged, the burden shifts to the state to show that some exception(s) applied to toll the time and to make the trial timely. State v. Price (1997), 122 Ohio App.3d 65, 68. If the state does not meet its burden the defendant must be discharged. R.C. 2945.73 See, also, State v. Coatoam (1975), 45 Ohio App.2d 183,185-186.
In this case, Willis showed a prima facie case of a speedy trial violation. However, the state responded to appellant's prima facie
showing by pointing to the trial court's own judgment entry which states that the challenged continuance was on appellant's own motion. The time for a continuance granted on an accused's own motion is not chargeable against the statutory speedy trial requirements. R.C. 2945.72(H).
Concerning appellant's assertion that he, in fact, did not request a continuance at the unfinished pretrial hearing, the absence of a record in this circumstance is not dispositive. Ordinarily, in such instances, we are directed to presume the regularity of the proceeding. State v.Nichols (1997), 122 Ohio App.3d 631, 634, citing Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. The result, of course, would be a conclusion that the trial court acted properly and appellant's assertion of error on this issue is without merit.
Complicating this, however, is the trial judge's statement that he could not recall appellant specifically saying, "I want you to continue the pretrial." Beyond this, the court states that even had appellant not asked for a continuance, the court would have still continued the case and charged the time to appellant.
These later comments are surplusage and not necessary to our analysis. The trial court never stated or found that appellant had not in some manner requested a continuance, only that the judge could not recall appellant's use of specific words. This is not a finding that appellant did not ask for a continuance. Consequently, presuming the regularity of the proceeding which resulted in the February 1 entry ordering a continuance, the trial court properly charged the seventeen days of delay to appellant. Accordingly, appellant's first assignment of error is not well taken.
In his second assignment of error, appellant complains that the trial court should have granted his motion for dismissal when the grand jury failed to hand down an indictment for him within sixty days after he was bound over. Appellant insists such a result is required by Loc.R. 5.03(J). The trial court denied appellant's motion stating that the purpose of the rule was for administrative convenience only and created no substantive rights for a defendant.
Loc.R. 5.03 is patterned after C.P.Sup.R. 39 and is not designed to offer substantive rights to a defendant. State v. Singer (1977),50 Ohio St.2d 103, 110. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J. and Richard W. Knepper, J., CONCUR.
Peter M. Handwork, J., dissents.