OPINION
{¶ 1} Defendant-appellant Richard J. Gray, II, appeals from his conviction and sentence for one count of domestic violence, a first degree misdemeanor, in violation of R.C. § 2919.25. *Page 2 
 {¶ 2} On August 12, 2004, a complaint was filed in Montgomery County Area Two Court charging Gray with misdemeanor domestic violence. On the same date, a summons was issued to Gray to appear for arraignment on August 31, 2004. Gray was personally served with the summons on August 16, 2004.
 {¶ 3} Initially set for October 21, 2004, the trial date was reset for October 28, 2004. There is nothing in the record to explain why the trial date was moved, however. On October 28, 2004, the trial date was moved again to November 18, 2004, at the prosecutor's request. On November 18, 2004, the trial date was continued at the request of Gray, who executed a speedy trial waiver on that date.
 {¶ 4} On March 16, 2005, Gray filed a motion a dismiss based on a violation of his right to a speedy trial. A hearing was held on said motion on March 17, 2005, wherein the trial court overruled Gray's motion. After a jury trial held on March 18, 2005, Gray was found guilty of one of domestic violence. The trial court sentenced Gray to 180 days imprisonment with 170 days of the sentence suspended. Gray was ordered to pay a fine of $25.00, as well as court costs totaling $439.50. Lastly, the trial court placed Gray on probation for one year. Gray filed a timely notice of appeal with this Court on March 21, 2005.
 I {¶ 5} On the evening of July 25, 2004, police were dispatched to North Pleasant Valley Street in the City of Riverside in Montgomery County, Ohio, after receiving reports of a man attacking a female in the street. The victim, Amber Clark, had apparently attempted to leave the residence she shared with her boyfriend, Gray. After Clark left the house and began walking up North Pleasant Valley, Gray ran after her. When he caught up with her, witnesses testified that *Page 3 
he struck her several times in the face and ripped her shirt. The witnesses called 911 to report the attack.
 {¶ 6} Clark was able to get away from Gray at some point during the struggle. Clark then ran to a nearby drive-thru store located at the corner of North Pleasant Valley and Brandt Pike. Clark also called 911 from the drive-thru and stated that her boyfriend had hit her in the face. When police officers arrived, they observed that Clark sustained injuries consistent with being struck in the face.
 {¶ 7} At trial, Clark testified that although she and Gray did have an argument on July 25, 2004, which resulted in her running from the house, Gray did not hit her at any point during the incident. The jury, however, chose to believe the testimony of the independent witnesses who testified that they had observed Gray repeatedly strike Clark. Gray was convicted of domestic violence and sentenced accordingly.
 {¶ 8} It is from this judgment that Gray now appeals.
 II {¶ 9} Gray's first assignment of error is as follows:
 {¶ 10} "APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL"
 {¶ 11} In his first assignment, Gray contends that he was denied effective assistance of counsel when his trial attorney failed to move for dismissal of the case based upon a violation of his right to a speedy trial prior to the execution of a time waiver on November 18, 2004. Gray argues that his trial counsel negligently failed to realize that the State was out of time and allowed him to waive his speedy trial rights after the time to bring him to trial had lapsed. The *Page 4 
State argues that trial counsel's performance was not deficient. Rather, counsel's decision to have Gray waive his speedy trial rights could be viewed as sound trial strategy, and therefore, not as ineffective assistance.
 {¶ 12} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, citingState v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135.
 {¶ 13} The above standard contains essentially the same requirements as the standard set forth by the United States Supreme Court inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, supra, at 687-688. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."Id. Thus, counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Id .
 {¶ 14} For a defendant to demonstrate that he has been prejudiced by counsel's deficient *Page 5 
performance, the defendant must prove that there exists a reasonable probability that, absent counsel's errors, the result of the trial would have been different. Bradley, supra, at 143. A reasonable probability is a probability sufficient to undermine confidence in the outcome.Strickland, supra, at 694.
 {¶ 15} The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. State v. Adams (1989), 43 Ohio St.3d 67, 68,538 N.E.2d 1025. The speedy trial provisions of the Ohio statutes must be strictly construed against the State. Brecksville v. Cook (1996),75 Ohio St.3d 53, 55, 661 N.E.2d 706. A defendant can establish a prima facie case for a speedy trial violation by demonstrating that the trial was held past the time limit set by statute for the crime with which the defendant is charged. State v. Price (1997), 122 Ohio App.3d 65, 68,701 N.E.2d 41. If the defendant can make this showing, the burden shifts to the State to establish that some exceptions] applied to toll the time and to make the trial timely. Id. If the State does not meet its burden, the defendant must be discharged. R.C. § 2945.73. See, also, State v.Coatoam (1975), 45 Ohio App.2d 183, 185-186, 341 N.E.2d 635.
 {¶ 16} Pursuant to R.C. § 2945.71(B)(2), for first degree misdemeanors, a trial must be held within ninety (90) days of arrest or service of summons in order to effectuate a speedy trial. Gray was served with a summons on August 16, 2004. The trial was continued once by the court without any explanation and once by the State. The trial was then scheduled for November 18, 2004. As Gray correctly notes, counting August 17, 2004, through November 17, 2004, equals ninety-three (93) days, and is beyond the statutorily permitted speedy trial time.
 {¶ 17} The Ohio Supreme Court has held that:
 {¶ 18} "(1) the granting of a continuance must be recorded by the trial court in its *Page 6 
journal entry; (2) the journal entry must identify the party to whom the continuance is chargeable; and (3) if the trial court is acting sua sponte, the journal entry must so indicate and must set forth the reasons justifying the continuance." State v. Mincy (1983),2 Ohio St.3d 6, 441 N.E.2d 571. "The record of the trial court must in some manner affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose." State v. Lee (1976),48 Ohio St.2d 208.
 {¶ 19} Although two continuances were granted in the instant case, nothing in the record before us sets forth any reasons justifying either continuance, nor is a party identified to whom the first continuance is chargeable. A continuance that fails these requirements must be construed against the State. State v. Wagner (1993), 88 Ohio App.3d 398,623 N.E.2d 1338. Moreover, without any explanation to justify the granting of either continuance, we cannot find that the continuances were reasonable pursuant to R.C. § 2945.72(H). Most importantly, however, the State does not dispute that the speedy trial time had run before Gray signed a waiver of his speedy trial rights on November 18, 2004.
 {¶ 20} Thus, after reviewing the circumstances and calculating his speedy trial time, we find that Gray was not brought to trial within the statutorily prescribed time frame. As we stated recently in State v.Wallace (May 11, 2007), Miami App. No. 06CA20, 2007-Ohio-2346, "the mere fact of a significant delay is not necessarily prejudicial." We also recognize that a failure to object is within the realm of trial tactics and therefore, does not definitively establish deficient performance by counsel. However, it is clear from the record that the trial court, pursuant to the holding of the Tenth District in State v. Dumas (1990),68 Ohio App.3d 174, 587 N.E.2d 932, held that "defense counsel's participation and reassignment of the case and waiving defendant's *Page 7 
right to a speedy trial, even after the trial date had run, was effective and bound the defendant to the waiver." The trial court's reliance on Dumas is misplaced.
 {¶ 21} Gray's counsel admitted during the hearing on his motion to dismiss on speedy trial grounds that she was unaware that the statutory time limit had run when she permitted Gray to waive his speedy trial rights. It is clear from the record that the outcome of Gray's case may have been different had trial counsel filed a motion to dismiss based upon a speedy trial violation prior to advising him to waive his speedy trial rights and requesting a continuance. Under the present circumstances, "counsel's failure to move for dismissal strays outside the range of reasonable assistance." State v. McDaniel (July 13, 1994), Miami App. No. 93CA38. Since the State violated Gray's speedy trial rights, there was no justifiable reason for not having raised the issue in a timely fashion. Given that a motion to dismiss on speedy trial grounds would have resulted in a dismissal of the domestic violence charge, trial counsel's failure to file that motion in a timely fashion most definitely resulted in prejudice to Gray. State v. Knight (June 24, 2005), Greene App. No. 03-CA-014, 2005-Ohio-3179. Thus, trial counsel's failure to file a timely motion to dismiss on speedy trial grounds and permitting Gray to execute a waiver of his speedy trial rights before the motion to dismiss was filed constitutes ineffective assistance of counsel.
 {¶ 22} Gray's first assignment of error is sustained. Gray's sentence and conviction are vacated.
 III {¶ 23} Gray's second and third assignments of error are as follows:
 {¶ 24} "THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE *Page 8 
CONVICTION FOR DOMESTIC VIOLENCE; SPECIFICALLY FAILURE TO PROVE THE VICTIM WAS A FAMILY OR HOUSEHOLD MEMBER."
 {¶ 25} "APPELLANT WAS DEPRIVED OF A FAIR TRIAL BY THE COURT'S ERRONEOUS JURY INSTRUCTION REGARDING THE ELEMENT OF FAMILY OR HOUSEHOLD MEMBER; AND DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO OBJECT."
 {¶ 26} As a result of our ruling with respect to the first assignment of error, the remaining assignments are rendered moot.
 IV {¶ 27} Gray's first assignment of error having been sustained, the judgment of the trial court is reversed, and his conviction and sentence are vacated.
BROGAN, J. and VALEN, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1