The STATE of Ohio, Appellee,

v.

NICHOLS, Appellant.

[Cite as *State v. Nichols* (1997), 122 Ohio App.3d 631.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–97–006.

Decided Sept. 12, 1997.

*Daniel M. Kasaris,* for appellee.

*John F. Kirwan,* for appellant.

*Per Curiam.*

This is an accelerated appeal from a judgment of the Norwalk Municipal Court which found defendant-appellant, Wendy M. Nichols. guilty of failing to file an application for registration of a dog in violation of R.C. 955.21 and guilty of failing to confine a dangerous dog in violation of R.C. 955.22. On the R.C. 955.21 conviction, Nichols was given a thirty-day suspended sentence, fined $100 and ordered to pay court costs of $50.70. In addition, she was placed on probation for two years with the condition that she abide by the law and have no convictions during the probationary period. On the R.C. 955.22 conviction, Nichols was

sentenced to thirty days' incarceration, was fined $100, and was ordered to pay court costs of $28. The court further found that if Nichols provided proof that the dog had been destroyed prior to January 14, 1997, it would consider suspending the jail sentence. From these judgments, appellant raises the following assignments of error on appeal:

"I. The trial court proceeded to trial of the defendant without advising her of the right to the assistance of counsel.

"II. The trial court imposed a jail sentence upon defendant without the assistance of counsel.

"III. The trial court should have granted an acquittal of the defendant, based on insufficient evidence presented by the state.

"IV. The trail [*sic*] court's decision is against the manifest weight of the evidence.

"V. The trial court abused its discretion by sentencing. defendant to the maximum possible sentence without a presentence report or consideration of mitigating circumstances."

At the trial below, Nichols represented herself. The facts of this case, as testified to at the trial, are as follows. On December 7, 1996, Roy. Hinckley, who lives at 4669 En Road in Norwalk, Huron County, Ohio, heard a dog barking in his backyard. When he went outside to investigate, he saw a dog, which he knew lived across the street, trying to get into his daughter's rabbit cage. Then he tried to chase the dog away, the dog, which he described as a pit bull/rottweiler mix, grabbed him by the leg. The dog, however, did not harm him and went home. Hinckley reported the incident to Melvin Eaton, the Huron County Dog Warden, who, on December 12, 1996, filed complaints against Nichols charging her with failure to register a dog and failure to confine a dangerous dog. Nichols does not live at 4670 En Road, the home across the street from Hinckley's. Rather, Nichols testified, that home is owned by her parents, the Chaffees, and she lives at 4385 Gibbs Road. She does, however, have two dogs that live at the En Road address along with the Chaffees' dog. When the Chaffees are out of town, she feeds and cares for the dogs. Nichols's husband, Dennis Nichols, also testified that Nichols's parents own the home at 4670 En Road. He further testified that the dog that got loose and entered Hinckley's yard was the Chaffees' dog, not Nichols's dog. He stated that he knew this because he repaired that dog's chain. Hinckley was not able to identify which dog entered his yard because, in his opinion, the dogs all looked alike. At the conclusion of the trial, the court found Nichols guilty of both charges and sentenced her as stated above.

In her first and second assignments of error, appellant contends that her convictions and sentences must be set aside because she was never informed of her right to the assistance of counsel and did not knowingly waive that right.

■■■ "Under the Sixth Amendment, a criminal defendant has a constitutional right to act as his own counsel during his trial. This right clearly has been given the same status as the basic right to counsel, as its denial is grounds for reversing a conviction. However, before the right can be invoked, the defendant must voluntarily, knowingly and intelligently waive his right to assistance of counsel." (Citations omitted.) *State v. Doane* (1990), 69 Ohio App.3d 638, 646, 591 N.E.2d 735, 741. This right "extends to misdemeanor cases which could result in the imposition of a jail sentence." *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 217, 17 OBR 458, 459, 479 N.E.2d 309, 311. Accordingly, Crim.R. 44(C) mandates that waivers of counsel be made in open court and recorded.

■■■ In the present case, the record reveals that on December 16, 1996, Nichols appeared in open court and pled not guilty to the charges. The judgment entry documenting this proceeding reads as follows: "Defendant's rights explained as set forth in Section 2937.02 Orc [*sic* ] and Rules 5, 10, and 11 of the Ohio Rules of Criminal Procedure, and TR 8–D, court advised and instructed defendant specifically as set forth therein—record made." The record before this court does not contain a transcript of the arraignment. We therefore must presume the regularity of the proceedings and find that the court advised and instructed appellant as indicated. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219–220, 400 N.E.2d 384, 385–386. Such a finding, however, does not equate to a finding that appellant made a knowing and intelligent waiver of her right to counsel, for the waiving of one's right to counsel encompasses far more than the rights set forth in R.C. 2937.02 and Crim.R. 5, 10 and 11. In *Doane, supra,* 69 Ohio App.3d at 646–647, 591 N.E.2d at 741, the court stated:

"[A] valid waiver cannot be found until it is determined that the defendant fully understands the significance of the proceedings and the difficulties he could encounter in attempting to represent himself. * * *

"* * * In [*Von Moltke v. Gillies* (1948), 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309, 321] a plurality of the Supreme Court stated that a waiver of counsel can only be valid when the defendant has knowledge of the following: '* * * the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.' * * *

"In addition, * * * the trial court must also inform the defendant that he will be required to follow the same rules of procedure and evidence which normally govern the conduct of a trial. [*United States v. Campbell* (C.A.1, 1989), 874 F.2d 838]." See, also, *State v. Bayer* (1995), 102 Ohio App.3d 172, 656 N.E.2d 1314; *State v. Weiss* (1993), 92 Ohio App.3d 681, 637 N.E.2d 47; and *State v. Sulenski* (July 23, 1993), Huron App. No. H–92–053, unreported, 1993 WL 313707.

Because the record in this case fails to establish that appellant made a knowing and voluntary waiver of her right to counsel, the first and second assignments of error are well taken.

Given our disposition of the first and second assignments of error, appellant's third, fourth, and fifth assignments of error are rendered moot.

On consideration whereof, the court finds that appellant was prejudiced and prevented from having a fair trial, and the judgment of the Norwalk Municipal Court is reversed. This case is remanded to that court for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

HANDWORK, GLASSER and KNEPPER, JJ., concur.