DECISION AND JOURNAL ENTRY
Lawrence Miller pled guilty to, and was convicted of, one count of endangering children, in violation of R.C. 2919.22(B)(2). He was sentenced to eight years imprisonment and has appealed from his sentence.
Miller has asserted that the record does not support the imposition of a sentence that was (1) longer than the minimum, for a first imprisonment, or (2) the maximum sentence permitted.
 I
Miller was arrested after the police and paramedics arrived at his girlfriend's house and found an unconscious eight-month-old baby. The baby boy was treated by at least two physicians. According to the trial court, as a result of the child's injuries, they had "to take [his] skull off to control the bleeding. * * * [He] is brain injured and being fed through a tube and there is a visional [sic] loss."
Miller was later indicted on two counts of endangering children, in violation of R.C. 2919.22. Shortly thereafter, the Summit County Grand Jury returned a supplemental indictment, charging Miller with felonious assault, in violation of R.C.2903.11, and two additional counts of endangering children
Miller entered a guilty plea to one count of endangering children, in violation of R.C. 2919.22(B)(2). In exchange, the state dismissed the remaining four felony charges. The trial court convicted Miller and sentenced him to the maximum allowable prison term of eight years. Miller had not been previously incarcerated.
As part of the sentencing hearing, the court reviewed the presentence investigation report, which incorporated medical records relating to the child's injuries. In addition, the court heard testimony from the maternal great grandmother and from the mother of the child. In determining the appropriate sentence, the trial court explicitly relied on the presentence investigation report and subsequently incorporated it into the record.
 II
Miller has asserted that "the record herein clearly does not support a finding that the minimum sentence would demean the seriousness of Appellant's conduct or will not adequately protect the public from future crimes."[1] In addition, Miller has asserted that "the record does not support the court's finding that this particular offense was one of the worst forms of Endangering Children."[2]
When a sentence is challenged, the record on appeal consists of:
 Any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. * * *
 The trial record in the case in which the sentence was imposed;
 Any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed;
 Any written findings that the court was required to make in connection with the modification of the sentence pursuant to a judicial release * * *.
 R.C. 2953.08(F). Pursuant to App.R. 9(B), the appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. See State v. Williams (1995), 73 Ohio St.3d 153, 160, certiorari denied (1996), 516 U.S. 1161, 134 L.Ed.2d 193; App.R. 9(B). If the record is incomplete, the reviewing court must presume that the trial court acted with regularity and with sufficient evidence to support its findings. See State v. Nichols (1997), 122 Ohio App.3d 631, 634, citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
The record filed with this court consists of the original papers, exhibits a certified copy of the docket and journal entries from the trial court, and transcript of the sentencing hearing. Miller did not cause the presentence investigation report to be filed with the court of appeals. As a result, it is not part of the record on appeal. The trial court explicitly based its findings, in part, on the presentence investigation report. In the absence of the complete record, we must presume that the presentence investigation report, combined with the record on appeal, supports the finding that "a minimum term does not adequately reflect the seriousness of the conduct." We also presume that same record supports the reason the court articulated for imposing the maximum sentence.
Miller's assignment of error is overruled.
 III
Miller's assignment of error is overruled because he failed to provide this court with the presentence investigation report on which his sentence was premised. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
SLABY, J., WHITMORE, J., CONCUR.
[1] Such a finding is a prerequisite to the imposition of a prison term that is longer than the minimum term of imprisonment on an individual who has not previously served a prison term. See R.C. 2929.14(B).
[2] The court may not impose the maximum permitted sentence unless it makes this, or another, statutory finding. See R.C.2929.19(B)(2)(d).