JOURNAL ENTRY AND OPINION
Defendant-appellant Kim Brown appeals from her conviction following a bench trial in the Garfield Heights Municipal Court for the minor misdemeanor of disorderly conduct. Defendant asserts that the trial court erred in amending the complaint from a misdemeanor of the fourth degree to a minor misdemeanor and contends she was deprived of her constitutional right to due process due to the unavailability of a full transcript. We find no error and affirm.
On the evening of July 3, 1998, Officer Christopher Cross of the Maple Heights Police Department was dispatched to a neighborhood dispute. When he arrived, he was approached by defendant Kim Brown and Andrea Brown who were yelling at each other. Officer Cross attempted to get the two women to calm down and separate but they refused and became involved in a physical altercation. He again told them to separate and eventually had to step in between them. While he was separating the women, Kim's husband, Michael Brown, and Andrea's brother, James Owens, approached and began yelling at each other. This also escalated into a physical altercation. Officer Cross then pushed defendant and Andrea apart and attempted to separate the two men. After being told to stop and separate, they refused and Officer Cross was forced to physically attempt to break up the fight. As he tried to separate them, all three fell to the ground where the men continued to wrestle. Shortly thereafter, Officer Cross was finally able to pull James Owens off of Michael Brown. All four were immediately arrested, transported to the Maple Heights Police Department and charged with disorderly conduct.
On July 4, 1998, defendant Kim Brown was charged with disorderly conduct (R.C. 2917.11), a fourth degree misdemeanor. The criminal complaint stated that defendant recklessly inconvenienced Officer Cross by engaging in fighting and the said Kim Y. Brown persisted in such disorderly conduct after reasonable warning to desist. Pursuant to R.C. 2929.21(B)(4) and (C)(4), a fourth degree misdemeanor is punishable by not more than 30 days in jail and a fine of not more than $250.00.
At her arraignment, defendant pled not guilty and entered a jury demand. The jury trial was subsequently scheduled for May 13, 1999. Immediately prior to the commencement of trial, the City moved to amend the charge from disorderly conduct, a fourth degree misdemeanor, in violation of R.C. 2917.11, to disorderly conduct, a minor misdemeanor, in violation of Maple Heights Ordinance No. 648.04. Over defendant's objection, the complaint was amended. The jury was then released and the parties proceeded with a bench trial on the amended charge.
After considering all of the evidence, the court found defendant guilty of disorderly conduct, a minor misdemeanor, and fined her $100.00, along with costs of the amended action only. Defendant's motion for a new trial was denied and the instant appeal ensued.
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY PERMITTING THE CITY PROSECUTOR TO AMEND THE COMPLAINT FROM A MISDEMEANOR OF THE FOURTH DEGREE TO A MINOR MISDEMEANOR.
 III. THE APPELLANT WAS DENIED HER SIXTH AMENDMENT RIGHT TO A JURY TRIAL AND THUS RESULTING IN A DUE PROCESS VIOLATION WHEN TRIAL COURT IMPERMISSIBLY ALLOWED THE PROSECUTOR TO AMEND THE DISORDERLY CONDUCT COMPLAINT TO A MINOR MISDEMEANOR.
We will address Assignments of Error I and III together as they both address the issue of whether the trial court committed reversible error in permitting the prosecutor to amend defendant's charge from disorderly conduct in violation of R.C. 2917.11, a fourth degree misdemeanor, to disorderly conduct in violation of Maple Heights Ordinance No. 648.04, a minor misdemeanor.
Crim.R. 7(D) which governs the amendment of complaints, states as follows:
 (D) Amendment of indictment, information, or complaint.
 The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. * * *
Therefore, Crim.R. 7(D) allows the amendment of a criminal complaint before, during or after trial, provided that there is no change in the name or identity of the crime charged. State v. O'Brien (1987), 30 Ohio St.3d 122. We find that the amendment in the instant case did not change the name or identity of the crime charged against defendant.
The record reflects that defendant was originally charged with disorderly conduct, a fourth degree misdemeanor in violation of R.C. 2917.11. This section states in pertinent part:
 (A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:
 (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior; * * *
Under R.C. 2917.11(E), disorderly conduct becomes a fourth degree misdemeanor instead of a minor misdemeanor if the offender persists in disorderly conduct after reasonable warning or request to desist.
Immediately before trial, this charge was amended to a violation of Maple Heights Ordinance No. 648.04, which states in pertinent part:
 (a) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following;
 (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior; * * *
Under Maple Heights Ordinance No. 648.04(e), disorderly conduct under this section is also a fourth degree misdemeanor instead of a minor misdemeanor when the offender persists in disorderly conduct after reasonable warning or request to desist. However, in the instant case, the prosecutor chose not to charge defendant under subsection (e) in order to keep the offense a minor misdemeanor and avoid a jury trial.
Defendant asserts that the amending of the Complaint essentially changed the requirement of the proof of facts since the amended complaint had changed the identity of the original offense charged. We disagree.
As discussed above, Crim.R. 7(D) allows the trial court to amend the criminal complaint before, during, or after trial provided that no change is made in the name or identity of the crime charged. Based on a review of both disorderly conduct statutes, R.C. 2917.11 and Maple Heights Ordinance No. 648.04, we find that they are identical and it is clear that no change was made in the name or identity of the crime by reason of the amendment. The only change that was made was the prosecutor's choice not to pursue the additional element under Maple Heights Ordinance No. 648.04(e) that defendant persisted in her disorderly conduct after a reasonable warning or request to desist was made by Officer Cross. This change merely made defendant's offense a minor misdemeanor rather than a fourth degree misdemeanor. We find that the disorderly conduct charge remained the same in name and identity. Accordingly, the trial court did not violate Crim.R. 7(D) in permitting the prosecutor to make the amendment.
Defendant further asserts that she was denied her Sixth Amendment right to a jury trial by the amendment of the charge of disorderly conduct from a fourth degree misdemeanor to a minor misdemeanor. The State, on the other hand, asserts that defendant had no right to a jury trial for the minor misdemeanor.
R.C. 2945.17 states:
 At any trial, in any court, for the violation of any statute of this state, or of any ordinance of any municipal corporation, except in cases in which the penalty involved does not exceed a fine of one hundred dollars, the accused has the right to be tried by a jury.
Under the express language of this section, the right to a jury trial does not extend to a violation of a minor misdemeanor where the penalty does not exceed a fine of $100. See City of Cleveland v. Chebib (July 16, 1998), Cuyahoga App. No. 73073, unreported; State v. Gray (July 8, 1998), Ashland App. No. CA 1241, unreported; City of Lyndhurst v. Collins (Mar. 12, 1992), Cuyahoga App. No. 60042, unreported.
In the instant case, defendant was convicted for disorderly conduct in violation of Maple Heights Ordinance No. 648.04, a minor misdemeanor. Pursuant to R.C. 2929.21(D), the penalty for a minor misdemeanor is a fine of not more than one hundred dollars. Since the State amended the complaint and charged defendant with a minor misdemeanor, she was not entitled to a jury trial.
Accordingly, we find that the trial court correctly granted the City's motion to amend defendant's charge from disorderly conduct in violation of R.C. 2917.11, a fourth degree misdemeanor, to disorderly conduct in violation of Maple Heights Ordinance No. 648.04, a minor misdemeanor. Furthermore, defendant was not denied her Sixth Amendment right to a jury trial since there is no right to a jury trial for a minor misdemeanor.
Assignments of Error I and III are overruled.
 II. THE APPELLANT WAS DENIED HER DUE PROCESS OF RIGHTS TO AN EFFECTIVE APPEAL DUE TO THE UNAVAILABILITY OF A COMPLETE TRANSCRIPT.
In her second assignment of error, defendant asserts that because the transcript did not contain the testimony of Officer Cross or defendant, she was denied her right to an effective appeal. We disagree.
Pursuant to App.R. 9(B), appellant has the burden to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the appellate court. Rose Chevrolet v. Adams (1988), 36 Ohio St.3d 17, 19. If no complete transcript of the proceedings is available for appeal, the burden is on the appellant to supplement the transcript with a reconstruction of the omitted proceedings. App.R. 10(A). When, as in this case, part of the trial transcript was not recorded, appellant can meet her burden by other suitable alternatives for proper compliance with the appellate rules. Appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. App.R. 9(C). In the absence of an attempt to reconstruct the [transcript], the error may be considered waived. State v. Brewer (1990), 48 Ohio St.3d 50,60-61.
In the instant case, the basis of defendant's appeal is the amendment of her charge from disorderly conduct, a fourth degree misdemeanor, to disorderly conduct, a minor misdemeanor. Even though portions of the trial transcript are unavailable on appeal as a result of some mistake or inadvertence, the transcript contains the relevant and critical dialogue between the court and the parties regarding the amendment.
Furthermore, even if the transcript did not contain the requisite portions, defendant failed in her burden of supplementing the transcript in accordance with App.R. 9(C) and App.R. 10(A). We also must note that in the absence of a complete and adequate record necessary for the resolution of the appeal, the reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision. State v. Nichols (1997), 122 Ohio App.3d 631,634, citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199.
Accordingly, we find that defendant failed in her burden under App.R. 9(B) and App.R. 10(A) of ensuring that the necessary portions of the record were filed with this Court. The record reflects that no complete transcript of the proceedings was available for appeal. Defendant then had the burden to attempt to reconstruct the substance of the omitted testimony and supplement the record. Because defendant failed in this burden, her claimed error is considered waived and we must presume regularity in the proceedings below.
Assignment of Error II is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
 ______________________ JAMES M. PORTER, J.
JAMES D. SWEENEY, P.J., and ANNE L. KILBANE, J., CONCUR.