DECISION AND JOURNAL ENTRY
Appellant, Walter Swaney, Jr., appeals from the decision in the Lorain County Court of Common Pleas designating him to be a sexual predator. We affirm.
 I
In March 1987, Walter Swaney, Jr. ("Swaney") pleaded guilty to one count of rape in violation of R.C. 2907.02(A)(1)(b).[1]
The victim was Swaney's foster brother who was younger than thirteen years old at the time of the offense which occurred in August 1983. The trial court convicted and sentenced Swaney to a term of ten to twenty five years. In August 1997, the Department of Corrections recommended that Swaney be adjudicated a sexual predator, pursuant to R.C. 2950.09(C)(1).
On November 12, 1999, the trial court conducted a sexual predator determination hearing. At the outset of the hearing Swaney moved the court to dismiss the hearing based on the unconstitutionality of the sexual predator law. The motion was denied.
The trial court judge reviewed the factors listed in R.C.2950.09(B)(2)(b). The judge relied on the presentence investigation report and determined Swaney was "within the classification of a sexual predator; that is, that the commission of a sexually oriented offense is likely to occur in the future." The judge ordered Swaney to comply with the registration and verification requirements of R.C. 2950.04 and 2950.06.[2]
Swaney filed an appeal of the trial court's determination that he was a sexual predator.
 II.
Swaney's first assignment of error states:
 TRIAL COURT ERRED WHEN IT FAILED TO FIND R.C. CHAPTER 2950 UNCONSTITUTIONAL UNDER THE UNITED STATES CONSTITUTION AND THE STATE OF OHIO CONSTITUTION.
 Swaney raises six constitutional challenges to the registration, verification and community notification requirements of R.C. 2950. We do not find merit in any of his constitutional challenges and affirm the trial court's finding that R.C. 2950 is constitutional.
As a starting point, we note that a state statute is presumed constitutional and a reviewing court can only declare a statute unconstitutional if it is clear beyond a reasonable doubt that the state statute and constitutional provision are incompatible.State ex rel. Dickman v. Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus. Each of Swaney's six constitutional challenges will be discussed separately.
 A. Retroactive Clause of the Ohio Constitution
Swaney argues that the sexual predator labeling requirements are retroactive and in violation of Section 28, Article II of the Ohio Constitution. A purely remedial statute that is applied retroactively does not violate the constitutional prohibition of retroactive laws. Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100, 107, superseded on other grounds by R.C. 2745.01. "[T]he registration and verification requirements [of R.C. 2950] are remedial in nature." State v. Cook (1998), 83 Ohio St.3d 404,413. Cook held the requirements were de minimis procedural requirements necessary to achieve the goals of the statute. Id.
at 412. The registration and verification requirements of R.C. 2950 are constitutional. Id. at 404, paragraph one of the syllabus.
 B. Ex Post Facto Clause of the United States Constitution
Swaney argues that the registration and verification requirements of R.C. 2950 violate the prohibition against ex postfacto laws of Section 10, Article I of the United States Constitution. His ex post facto argument is based on R.C. 2950 affecting his substantive rights and rising to the level of punishment. Having already established the law is remedial we will turn to the punishment argument.
In Cook the Court looked at the intent of the statute and found no statutory language evidencing intent to punish. Cook,83 Ohio St.3d at 418. Cook also reviewed the effects of the statute and found that the verification provisions were narrowly tailored to deal with the danger and recidivism levels of sexual offenders and the notification provisions were narrowly tailored to provide information only to people necessary to protect the public. Id. at 422. R.C. 2950 is constitutional because it serves the remedial purpose of protecting the public. Id. at 423.
 C. Right of Privacy, Freedom to Travel and Freedom of Association
Swaney argues that the classification of sexual predator and the community notification requirements of R.C. 2950 violate his constitutional rights to privacy, freedom to travel and freedom of association. The right to privacy under Section 1, Article I of the Ohio Constitution parallels the privacy rights protected under the Fourteenth Amendment to the United States Constitution.Direct Plumbing Supply Co. v. Dayton (1941), 138 Ohio St. 540,544-545. An offender's conviction is public record and "the right to privacy encompasses only personal information and not information readily available to the public." State v. Williams
(2000), 88 Ohio St.3d 513, 526. Williams further held that R.C. 2950 does not violate a convicted sex offender's constitutional right of privacy. Id.
The community notification requirements of R.C. 2950.11(A) arise only after the offender obtains temporary or permanent residence in a community. Williams, 88 Ohio St.3d at 526. Therefore, the notification requirements do not impair the offender's right to travel. Id. at 530-531. Similarly, the statute does not specifically prohibit an offender's freedom of association. If a particular citizen interferes with this right the offender may seek redress through this state's tort and criminal laws.D. Double Jeopardy Clause of the United States and Ohio Constitutions
Swaney argues the labeling and notification requirements of R.C. 2950 imposes multiple punishments for the same offense. The requirements of R.C. 2950 are not criminal or a punishment. Cook,83 Ohio St.3d at 416-419; see, also, Williams,88 Ohio St.3d at 528. The government's conduct does not involve criminal punishment and therefore, does not violate the Double Jeopardy clause. Williams, 88 Ohio St.3d at 528.
 E. Equal Protection Rights of United States and Ohio Constitutions
Swaney argues prisoners are a suspect class entitled to a strict scrutiny review of their fundamental right of equal protection under the law. R.C. 2950 does not involve a suspect class or a fundamental right. Williams, 88 Ohio St.3d at 530-531. Race, alienage and ancestry are the only classifications recognized as suspect. Id. at 530, citing San Antonio Indep.School Dist. v. Rodriguez (1973), 411 U.S. 1, 28, 36 L.Ed.2d 16,40. Convicted sexual predators are not a suspect class.Williams, 88 Ohio St.3d at 530.
The proper analysis is the rational basis test not strict scrutiny. Williams, 88 Ohio St.3d at 531. Swaney bears the burden under a rational basis test to "negative every conceivable basis before an equal protection challenge will be upheld." Id. Swaney offers no such arguments. We agree with Williams that an equal protection challenge can not be upheld in the absence of arguments that negate the reasons that produce "every conceivable basis" for R.C. 2950. Id. at 531.
 F. Cruel and Unusual Punishment
Swaney's final constitutional challenge is that R.C. 2950 constitutes cruel and unusual punishment under the Ohio and United States Constitutions. Having already held that the requirements of R.C. 2950 are not a punishment but remedial, we find the same requirements can not be cruel and unusual punishment. State v.Steckman (Feb. 9, 1999), Lorain App. No. 97CA006996, unreported, at 8.
Swaney's first assignment of error is overruled.
 III
Swaney's second assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FOUND THE APPELLANT TO BE A SEXUAL PREDATOR EVEN THOUGH THE STATE FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT WAS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
 R.C. 2950.09 requires a trial court to conduct a determination hearing if the court accepts the recommendation of the Department of Corrections that the offender be adjudicated as a sexual predator. R.C. 2950.09(C)(1) and 2950.09(C)(2). A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The court must find by clear and convincing evidence that an offender is a sexual predator. R.C. 2950.09(B)(3) and 2950.09 (C)(2).
At the determination hearing the judge gave the following summary of the presentence investigation report.[3] The judge summarized that Swaney was a foster child who sexually attacked his younger foster brothers on several occasions. The attacks were forceful and on at least one occasion one of the victims did have some physical bowel problems after anal intercourse by Swaney. The report included Swaney's past criminal history. The report also contained references to a letter written by Swaney to his foster brother.[4] The judge stated the letter contained the phrase "fantastic lover" in relation to Swaney's foster brother.
Swaney was represented by counsel and testified during the hearing. Swaney admitted writing a letter to his brother but denied writing the phrase "fantastic lover." He testified that the letter was written out of "brotherly love not sexual love." Swaney also testified that he had attended one meeting of the sex offender's program while incarcerated in Trumbull County.
R.C. 2950.09(B)(1) lists ten factors for the court to consider in reaching its determination. The ten factors are merely guidelines and every factor may not apply to each offender.State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported, at 18. The trial court considered several statutory factors including Swaney's age, prior criminal history, the victim's age, the number of victims, the nature of the sexual contact, and threats of cruelty.
It is clear that the State did not present any evidence in addition to the presentence investigation report. Swaney argues that the presentence investigation report was not offered for admission into evidence at the hearing. Therefore, Swaney argues that the court's determination could not be based on clear and convincing evidence indicating he was likely to engage in future sexually oriented offenses. We find Swaney's second assignment of error is without merit and affirm the trial court's determination.
Swaney believes that during the determination hearing the prosecution must move for an admission of the presentence investigation report. The presentence investigation report was part of the trial court record of his 1987 conviction, and therefore, properly before the court at the determination hearing. See R.C. 2947.06 and 2951.03; Crim.R. 32.2(C). However, the presentence investigation report is not a public record, and is kept under seal. R.C. 2951.03(D).
Pursuant to App.R. 9(B) and 10(C), the appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. State v. Williams
(1995), 73 Ohio St.3d 153, 160-161; State v. Cox (Apr. 12, 2000), Summit App. No. 19773, unreported, at 4-5; App.R. 9(B). This includes the presentence investigation report where appropriate. R.C. 2953.08(F)(1). If the record is incomplete, the reviewing court must presume that the trial court acted with regularity and with sufficient evidence to support its findings. State v.Nichols (1997), 122 Ohio App.3d 631, 634, citing Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
Swaney did not cause the presentence investigation report to be filed with the court of appeals. As a result, it is not part of the record on appeal. The trial court based its findings on the presentence investigation report. In the absence of the complete record, we must presume that the presentence investigation report, combined with the record on appeal, supports the reasons the court articulated for classifying Swaney as a sexual predator. Swaney's second assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
[1] Swaney was initially charged with two counts of rape in violation of R.C. 2907.02(A)(1). The alleged victims were Swaney's two younger foster brothers. Swaney pleaded guilty to one count of rape and the other count of rape was nolled.
[2] R.C. 2950.04 requires an offender to registrar with the sheriff of a county where the offender permanently resides or temporarily resides for more than seven days. R.C. 2950.06
requires an offender to periodically verify their current address. The frequency of verification is based on the offender's classification as a sexually oriented offender, a habitual sex offender or a sexual predator. R.C. 2950.06 and 2950.07.
[3] Swaney's presentence investigation report was prepared in July 1987, prior to his original sentencing.
[4] The actual letter was not available to the trial court nor is it part of the appellate record. The record reflects that the letter was originally included in materials used to prepare the presentence investigation report in 1987. At the determination hearing the Judge read a portion of the presentence investigation report that referred to the letter. It is not clear from the record if the letter was reproduced in its entirety in the presentence investigation report.