DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment issued by the Lucas County Court of Common Pleas, denying postconviction relief. Appellant, David. L. Taylor, complains in three assignments of error that he was denied sundry constitutional rights when the common pleas court entered anunc pro nunc entry modifying appellant's criminal sentence. The entry added to appellant's sentence $27,500 in statutorily mandated fines which had been omitted in the court's original sentencing order. The gravamen of all of appellant's assignments of error is that the entry of the nuncpro tunc order was improper.
Courts have inherent authority to correct errors in judicial entries so that the record speaks the truth. State ex rel. Litty v. Leskovyansky
(1996), 77 Ohio St.3d 97, 100. Nevertheless, nunc pro tunc entries are limited in proper use to orders reflecting what the court actually decided, not what it might have decided or should have decided. Id., citing State ex rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158,163-164.
Appellant has provided us with no transcript of the sentencing hearing or other evidence to show that the fines at issue were not part of the court's original intent. Absent such a record or evidence, we must presume the regularity of the proceedings. State v. Nichols (1997),122 Ohio App.3d 631, 634, citing Knapp v. Edwards Laboratories, Inc. (1980), 61 Ohio St.2d 197, 199.
In this matter, we must presume that the sentencing court inadvertently omitted the challenged fines from its initial order and properly corrected this omission with its nunc pro tunc order. None of appellant's constitutional rights were infringed upon in this process. Accordingly, appellant's three assignments are not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ James R. Sherck, J.
Peter M. Handwork, J. and Richard W. Knepper, J. CONCUR.