This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mellany McLeod ("McLeod"), appeals the decision of the Summit County Court of Common Pleas sentencing her to consecutive sentences. This Court affirms.
 I.
On July 19, 2001, McLeod pleaded guilty to five counts of forgery, in violation of R.C. 2913.31(A)(3), and four counts of theft, in violation of R.C. 2913.02(A)(2). The trial court convicted McLeod of these charges and sentenced her to one year in prison for each count of forgery to run consecutively to six months in prison for each count of theft.
This appeal followed.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE TERMS OF INCARCERATION AND IMPROPERLY FOLLOWED THE PROCEDURE IN IMPOSING THIS SENTENCE PURSUANT TO THE FELONY SENTENCING GUIDELINES SET FORTH IN R.C. CHAPTER 2929.
In her sole assignment of error, McLeod argues that the trial court failed to make the requisite statutory findings to impose consecutive sentences. McLeod also asserts that "the record is devoid of any evidence to support a finding of any of [the R.C. 2929.14(E)] factors. This Court disagrees.
Under R.C. 2929.14(E)(4), a trial court may impose consecutive sentences upon a defendant if the following conditions are met:
 [T]he court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B)(2)(c) requires that a trial court give its reasons for imposing consecutive sentences under R.C. 2929.14.
The record reflects that the August 17, 2001 journal entry contained the requisite findings. The journal entry states:
 The Court further finds, pursuant to O.R.C. 2929.14(E)(3), that consecutive sentences are necessary to protect the public and punish the offender, not disproportionate to the conduct and to the danger of the offender poses, and the harm was so great or unusual that single term does not adequately reflect the seriousness of the conduct[.]
This Court has held that the trial court's findings need not be in the sentencing transcript if the findings are contained in the journal entry. State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported; see, also, State v. Edmonson (1999), 86 Ohio St.3d 324.
If an appellant merely challenges whether or not the trial court made the required findings for imposing consecutive sentences and the appellate court finds that the trial court made the findings, the appellate court's review is complete. However, if, as in this case, the appellant challenges whether or not the record supported the findings of the trial court, the appellate court must proceed to an analysis under R.C. 2953.08(G)(2).
The appellate court's standard of review is whether the trial court clearly and convincingly acted contrary to law or the record. R.C.2953.08(G)(2). Clear and convincing evidence is that "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale
(1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
Pursuant to App.R. 9(B) and 10(C), the appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. State v. Williams (1995), 73 Ohio St.3d 153,160-161; State v. Cox (Apr. 12, 2000), Summit App. No. 19773, unreported; App.R. 9(B). This includes the presentence investigation report where appropriate. R.C. 2953.08(F)(1). If the record is incomplete, the reviewing court must presume that the trial court acted with regularity and with sufficient evidence to support its findings.State v. Nichols (1997), 122 Ohio App.3d 631, 634, citing Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
In the present case, McLeod did not cause the presentence investigation report to be filed with the court of appeals. As a result, it is not part of the record on appeal. The record reflects that the trial court based its findings on the presentence investigation report. In the absence of the complete record, this Court must presume that the presentence investigation report, combined with the record on appeal, supports the reasons the trial court articulated for imposing consecutive sentences.
This Court cannot say that the record establishes by clear and convincing evidence that the trial court acted contrary to law or the record when imposing consecutive sentences. Accordingly, McLeod's assignment of error is overruled.
 III.
Having overruled McLeod's sole assignment of error, the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
BAIRD, P.J. CONCURS