This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, James Helms, appeals the judgment entered by the Summit County Court of Common Pleas, Domestic Relations Division, terminating the shared parenting plan and naming appellee Doris Helms the residential parent of their two minor children. This Court affirms.
The parties divorced on September 25, 1996. Two children were adopted during the pendency of the marriage: Cody and Carlena.
On May 3, 2000, Doris filed a motion to terminate the shared parenting plan. On May 7, 2001, a hearing on the motion was convened. The court issued an interim order on May 9, 2001, designating Doris as the residential parent and granting James visitation rights. On July 12, 2001, the court held a child support review hearing, and entered a child support order retroactive to May 8, 2001. On August 21, 2001, the court issued an order designating Doris as residential parent and legal custodian, with visitation rights for James.
James has timely appealed, asserting three assignments of error.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW BY NOT RECORDING THE PROCEEDINGS OF JULY 24, 2001, WHICH RESULTED IN THE DECISION AND JOURNAL ENTRY OF AUGUST 21, 2001."
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ABUSED ITS DISCRETION BY DESIGNATING APPELLEE RESIDENTIAL PARENT AND TERMINATING SHARED PARENTING WHERE THERE WAS NO SHOWING OF CHANGED CIRCUMSTANCES AFTER THE LAST PRIOR DECREE ALLOCATING PARENTAL RIGHTS AND RESPONSIBILITIES, DATED DECEMBER 9, 1999."
The foregoing assignments of error are considered together as they raise similar issues of law.
In his first and second assignments of error, James argues that he was prejudiced by the absence of a record for a hearing held on July 24, 2001, and by the court's termination of the shared parenting agreement and allocating residential parent status to Doris.
The record before this Court is not complete. There is no transcription or recording of a review hearing that the trial court indicates in its dispositive order occurred on July 12, 2001, or of a hearing held on July 24, 2001. The dispositive order was issued on August 21, 2001.
It is axiomatic that the appellant alone has the duty of assembling a complete record or whatever portions are necessary to determine the appeal. App.R.9(B); Rose Chevrolet v. Adams (1988), 36 Ohio St.3d 17, 19. Where proceedings are not recorded the appellant may "prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." App.R. 9(C). James has failed to include any record of the hearings held on July 12 and 24, 2001, and has also failed to prepare a statement of those proceedings under App.R. 9(C).
Where a record is incomplete, this Court must presume the regularity of the proceedings below and conclude that the trial court's determination was supported by sufficient evidence. State v. Nichols (1997),122 Ohio App.3d 631, 634, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
This Court cannot determine what part the hearings of July 12 and 24, 2001, played on the trial court's dispositive order of August 21, 2001. As a court of review, and not clairvoyance, this Court depends on appellants properly and completely assembling the record. See App.R. 9(B). This James failed to do. Accordingly, this Court presumes the regularity of the proceedings below.
James' first and second assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT ABUSED HER POWER BY REMOVING THE APPELLEE'S MOTION TO TERMINATE SHARED PARENTING FROM CONSIDERATION BY MAGISTRATE CARTER, AS WELL AS REMOVING THE PRIOR GUARDIAN AD LITEM APPOINTED BY THE COURT, FOR NO APPARENT REASON."
In his third assignment of error, James claims error when the judge removed the case from a magistrate and removed the prior guardian ad litem. However, James has failed to support his contentions with any legal citations. It is not the duty of this Court to make the legal arguments of the parties for them. See Loc.R. 7.
Accordingly, James' third assignment of error is overruled.
BAIRD, P.J., WHITMORE, J. CONCUR.