JOURNAL ENTRY and OPINION.
{¶ 1} In State v. Nero, Cuyahoga County Court of Common Pleas Case No. CR-176903, applicant was convicted of aggravated murder and aggravated robbery and sentenced to life imprisonment as well as four to twenty-five years, respectively. This court dismissed the appeal from that judgment in State v. Nero (Nov. 29, 1983), Cuyahoga App. No. 47782.
 {¶ 2} Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because appellate counsel failed to assign as error that: the evidence was not sufficient to support a verdict of guilty; and trial counsel did not object to the trial court's calling a witness. Nero also complains that the court of common pleas assigned the same counsel who represented him at trial to represent him on appeal. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Nero previously filed an application for reopening. In a journal entry received for filing on June 6, 1995, this court summarized the relevant procedural history of this case.
 {¶ 4} "The docket in Case No. CR-176903 reflects that, on February 10, 1983, a notice of appeal was filed with the clerk of the court of appeals. The docket of the court of appeals reflects, however, that the notice of appeal and the original papers were not received by the clerk of the court of appeals until November 23, 1983. On November 29, 1983 this court announced its decision to dismiss the appeal for failure to file the record. This decision was journalized on December 9, 1983. On May 20, 1987, applicant filed a motion for leave to file delayed appeal which was denied by entry dated June 10, 1987.
 {¶ 5} "On May 12, 1994, an application for reopening (Motion No. 51793) was filed on behalf of applicant by the Ohio Public Defender Commission. Counsel who filed the application indicated that he was unsuccessful in his attempts to have a transcript prepared. He requested that local counsel be appointed who may be able to overcome the difficulties encountered by the Ohio Public Defender Commission.
 {¶ 6} "By entry dated December 1, 1994, this court assigned David L. Doughten as counsel to represent applicant and ordered the preparation of the transcript in Case No. CR-176903 at state expense. Attorney Doughten has filed a motion for voluntary dismissal (Motion No. 63409). He indicates that the notes for the transcript of applicant's trial were apparently destroyed in the Justice Center fire. He also indicates that he has been working with applicant's trial counsel to prepare an App.R. 9(C) statement, but it may not be possible to recreate the record. Counsel states that he will continue to represent applicant and file the appropriate brief or motion when it is determined whether the record can be recreated.
 {¶ 7} "In light of the circumstances, therefore, the motion for voluntary dismissal (Motion No. 63409) is granted. Likewise, the application for reopening (Motion No. 51793) is overruled as moot." Case No. 47782, Vol. 380, pgs. 812-813.
 {¶ 8} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 9} This court's decision affirming applicant's conviction was journalized on December 9, 1983. The application was filed on November 1, 2002, clearly in excess of the ninety-day limit. Yet, Nero asserts that his appeal was denied on June 10, 1987. In fact, Nero is referring to his pro se motion for leave to file delayed appeal with respect to which this court ruled: "Motion by appellant for leave to file delayed appeal is overruled for failure to comply with Appellate Rule 5(A). Movant may seek appointment of counsel, if indegent [sic], by filing an affidavit of indigency with this court." State v. Nero (June 10, 1987), Cuyahoga App. No. 47782 (Motion No. 69591). Although Nero later filed a new appeal in which he sought and was denied leave to file a delayed appeal, State v. Nero (May 25, 1988), Cuyahoga App. No. 55674, the docket in Case No. 47782 does not reflect any additional activity until Nero's counsel filed the first application for reopening in 1994.
 {¶ 10} Nero now asserts that his "lack of legal training and experience" are satisfactory grounds for the untimely filing of this application for reopening. "[T]his court and the Supreme Court of Ohio have firmly established that a lack of legal training is not a viable ground for establishing `good cause' for the untimely filing of an application for reopening." State v. Mitts (Dec. 19, 1996), Cuyahoga App. No. 68612, reopening disallowed (May 10, 2002), Motion No. 35082, ¶ 20 (citations deleted). Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening.
 {¶ 11} Likewise, the affidavit of applicant accompanying the application is not sufficient to comply with App.R. 26(B)(2) which provides, in part:
 {¶ 12} An application for reopening shall contain all of the following:
 {¶ 13} "* * * (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record * * *."
 {¶ 14} The substantive portion of the "Affidavit of Verity" accompanying the application merely states "that the allegations, averments, or contents of the legal documents attached hereto are true and correct to the best of my knowledge, information, and belief." Compare State v. Turner (Nov. 16, 1989), Cuyahoga App. No. 55960, reopening disallowed (Aug. 20, 2001), Motion No. 23221, at 4-5 ("The `Affidavit of Verity' accompanying the application merely states `that the facts herein or attached are true and accurate to the best of my knowledge, information and belief.'" Turner, supra, at 5.) In Turner, we held that the applicant's failure to comply with App.R. 26(B)(2)(d) was a sufficient basis for denying the application for reopening.
 {¶ 15} We must also hold in this case that Nero's affidavit does not set forth "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2)(d). Applicant's failure to comply with App.R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening.
 {¶ 16} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
 {¶ 17} "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. Applicant cannot satisfy either prong of the Strickland test. We must, therefore, deny the application on the merits.
 {¶ 18} In his "first assignment of error," Nero asserts that he was denied the effective assistance of appellate counsel because appellate counsel failed to assign as error that the evidence was not sufficient to support a verdict of guilty. Yet, as noted above, a transcript of the proceedings does not exist and counsel for Nero have been unable to prepare a statement of the evidence or proceedings under App.R. 9(C). "[I]n the absence of a complete and adequate record necessary for the resolution of the appeal, the reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision. State v. Nichols (1997),122 Ohio App.3d 631, 634, 702 N.E.2d 504, citing Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384." Maple Hts.v. Brown (July 27, 2000), Cuyahoga App. No. 76731. Likewise, given the absence of the transcript or App.R. 9(C) statement, this court cannot determine whether Nero was prejudiced by the absence of this assignment of error from his direct appeal. Similarly, this court cannot determine whether the trial court's calling a witness — as stated by Nero — prejudiced him. As a consequence, Nero's "first assignment of error" and argument that trial counsel should have objected to the trial court's calling a witness do not provide a basis for reopening.
 {¶ 19} Nero acknowledges that the court of common pleas assigned the same counsel who represented him at trial to represent him on appeal. He contends that the ineffectiveness of trial counsel was not raised on appeal because the same counsel represented him before both the trial court and court of appeals. "[Applicant] concedes that his trial counsel and his appellate counsel were the same individual. Because an attorney cannot be expected to argue his own incompetence during a trial, an appellate counsel who was also trial counsel is not ineffective for failing to argue the deficiencies of trial counsel." State v. Cruz
(Sept. 13, 2001), Cuyahoga App. No. 78475, reopening disallowed, 2002-Ohio-3238, Motion No. 34162, at ¶ 5 (citations deleted). We cannot, therefore, conclude that the absence of an assignment of error asserting that trial counsel was ineffective prejudiced Nero.
 {¶ 20} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
KENNETH A. ROCCO, P.J., and TERRENCE O'DONNELL, J., CONCUR.